UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DARRYL LAMONT BROWN                                                                           PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 5:11CV63-DCB-RHW

FEDERAL BUREAU OF PRISONS et al                                                         DEFENDANTS

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Defendants' [27] Motion to Dismiss or in the alternative Motion for Summary Judgment. Plaintiff Darryl Lamont Brown, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), alleging violations of his rights under the Eighth Amendment to be free from cruel and unusual punishment. Brown alleges that the Defendants were deliberately indifferent to his medical needs because they failed to provide him with adequate medical care for a shoulder injury suffered while in custody of the Bureau of Prisons (BOP) at the Federal Correctional Complex (FCC) in Yazoo City, Mississippi. In addition to the BOP, Plaintiff has named Dr. Anthony Chambers as a defendant. Dr. Chambers is the Clinical Director at the FCC. According to his affidavit, Dr. Chambers is a commissioned officer of the Public Health Service.

Brown alleges that he injured his shoulder while in the custody of the BOP. He further alleges that he was examined by an orthopedic surgeon on two occasions and that the surgeon recommended surgery. Despite the recommendation, the BOP and Dr. Chambers did not allow him to have surgery. He asserts that by withholding treatment, the Defendants caused Brown to remain in pain until his release from custody.

Defendants argue that Brown's complaint should be dismissed on several grounds: (1) a *Bivens* claim does not extend to federal agencies such as the BOP; (2) the Court lacks subject-matter jurisdiction under the Federal Tort Claims Act because Plaintiff failed to timely exhaust; (3) the Court lacks personal jurisdiction over Dr. Chambers; (4) the Middle District of Alabama is not the proper venue; and (5) Dr. Chambers is entitled to absolute immunity as a Public Health Services officer. Defendants do not address the underlying merits of the medical care claim in their motion.

As an initial matter, the Court finds that Defendants' venue argument is no longer viable, because the case has been transferred from the Middle District of Alabama to the Western District of Mississippi. The undersigned further concludes that Dr. Chambers' personal jurisdiction argument is no longer viable now that the lawsuit has been transferred to the Western District of Mississippi, where the alleged conduct occurred and where Dr. Chambers works.

**Bureau of Prisons**

Defendants argue that the claims against the BOP should be dismissed because (1) as a *Bivens* action, the Court lacks subject-mater jurisdiction over the BOP; and (2) as an action under the Federal Tort Claims Act (FTCA), Brown has failed to exhaust administrative remedies.

A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials who have allegedly denied a plaintiff's constitutional rights, in their individual capacities. *See Bivens*, 403 U.S. at 390-97; *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002). An extension of a *Bivens* action to federal agencies of the Federal Government is not supported by the logic of *Bivens*. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). The undersigned concludes that, to the extent that Brown asserts a *Bivens* claim

2

against the BOP, the Court lacks subject-matter jurisdiction.

To the extent that Brown's complaint may be construed to allege a cause of action under the FTCA, Defendants argue that Brown has failed to exhaust his administrative remedies. The FTCA authorizes civil actions for damages against the United States for personal injury caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred. 28 U.S.C. §§ 1346(b)(1), 2674; *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008).

As a jurisdictional prerequisite to bringing a lawsuit under the FTCA, the plaintiff is required to first present his claim to the appropriate federal agency. 18 U.S.C. § 2675(a); *Frantz v. United States*, 29 F.3d 222, 224 (5th Cir. 1994). The Fifth Circuit has held that the FTCA exhaustion requirement is satisfied if the claim provides the agency with facts sufficient to allow his claim to be investigated. *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011). The claimant must give the agency written notice of his claim to enable the agency to investigate and place a value on his claim. *Frantz*, 29 F.3d at 224.

In his complaint, Brown does not allege that he exhausted administrative remedies. Defendants argue that Brown's failure to demonstrate or allege that he presented his claims to the Bureau of Prisons justifies dismissal of the lawsuit. In his response to the motion to dismiss, Brown argues that he did in fact exhaust all administrative remedies, beginning with informal requests and appealing all the way to the BOP's central office. In a somewhat analogous case, *Shah v. Quinlan*, 901 F.2d 1241 (5th Cir. 1990), the plaintiff failed to allege in his complaint that he exhausted administrative remedies. The magistrate judge recommended dismissal of plaintiff's complaint for failure to exhaust. In his objections to the magistrate judge's report,

plaintiff alleged that he had, in fact, exhausted his administrative remedies. *Id.* at 1243. The district court nevertheless dismissed the complaint based on failure to exhaust. The Fifth Circuit reversed the district court's judgment. In so doing, the Fifth Circuit held that "Shah should be given the opportunity to amend his complaint to allege and to prove that he had exhausted his administrative remedies." *Id.*

In light of the Fifth Circuit's holding in *Shah*, the exhaustion issue presents a close question. Nevertheless, the undersigned raises *sua sponte* a separate jurisdictional issue. FTCA claims may be brought against only the United States, and not the agencies or employees of the United States. *See* 28 U.S.C. §§ 2671, 2679(a), (b)(1)(providing that FTCA does not authorize suits against federal agencies, and FTCA remedy is exclusive with respect to injuries caused by federal employees acting within the scope of their employment). A governmental agency, such as the BOP, cannot be sued in its own name; the action must be brought against the United States as the sole defendant. *See McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Roman v. Townsend*, 224 F.3d 24, 27 (1st Cir. 2000). The FTCA does not provide a jurisdictional basis for Brown's claims against either the BOP or Dr. Chambers; therefore, to the extent that his claims implicate the FTCA, the undersigned concludes that they should be dismissed.

### **Dr. Chambers**

With respect to Dr. Chambers, because he is a certified public health service officer, the proper party to an FTCA suit would be the United States and not Dr. Chambers in his own name. *See Hui v. Castaneda*, 130 S.Ct. 1845, 1850-51 (2010); *McLaurin v. United States*, 392 F.3d 774,

777 (5th Cir. 2004).  The Supreme Court also has held that Public Health Service employees are provided absolute immunity from a *Bivens* claim for actions arising out of the performance of medical or related functions within the scope of their employment.  Brown's allegations all relate to Dr. Chambers performance of medical functions at the FCC in Yazoo City.  It is undisputed that Dr. Chambers is an officer of the Public Health Service;  therefore, he is entitled to immunity from Plaintiff's *Bivens* claims.  *See* 42 U.S.C. § 233(a); *Hui*, 130 S.Ct. at 1850-51.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Defendants' [27] Motion to Dismiss and/or for Summary Judgment be granted and that Plaintiff's lawsuit be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been

accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 1st day of February, 2012.

s/ *Robert H. Walker*<br>UNITED STATES MAGISTRATE JUDGE