**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**DARRYL LAMONT BROWN**                                              **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO. 5:11CV63-DCB-RHW**

**FEDERAL BUREAU OF PRISONS et al**                        **DEFENDANTS**

### ORDER

This cause is before the Court on Defendants' Motion to Dismiss or in the alternative Motion for Summary Judgment [**docket entry no. 27**] and the Report and Recommendation ("R & R") of the magistrate judge [**docket entry no. 32**]. Having carefully considered the Motion and R & R, Plaintiff's objections thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. Facts and Procedural History

On October 27, 2010, Plaintiff Darryl Lamont Brown filed the present suit in the district court for Middle District of Alabama against the Federal Bureau of Prisons ("BOP") and Dr. Anthony Chambers, a Public Health Service ("PHS") Officer, alleging that he suffered a shoulder injury while in BOP custody and that the Defendants were deliberately indifferent to his need of medical care.[1] Brown, who is proceeding pro se, does not allege a specific theory of liability, but in their pending Motion the Defendants

---

[1] The Court understands that Brown injured his shoulder while lifting weights sometime in 2009. Brown was released from prison on September 9, 2010, and filed his Complaint on October 27, 2010.

understandably characterized his claim as a <u>Bivens</u> action for violating his Eight Amendment right to be free of cruel and unusual punishment.[2] <u>See</u> <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 404 U.S. 388 (1971); Defs.' Memo. at 1, docket entry no. 28. The Defendants concede, however, that Brown's Complaint may be liberally interpreted to allege a state law claim arising under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2671, <u>et seq.</u>; Defs.' Memo. at 3, docket entry no. 28.

The United States Attorney for the Middle District of Alabama filed the instant Motion on behalf of Defendants. <u>See</u> docket entry nos. 26. Among the arguments raised therein were that the Alabama court lacked personal jurisdiction over Dr. Chambers and that it was the wrong venue for suit. In response, Brown moved to transfer venue to this Court, and the Defendants did not oppose the motion. <u>See</u> <u>id.</u> The Alabama court granted Brown's request, and on the same day the case was transfered to this Court the Defendants refiled their Motion to Dismiss or in the alternative Motion for Summary Judgment. Docket entry no. 27.

After reviewing the Defendants' Motion, the magistrate judge addressed the following issues: (1) a <u>Bivens</u> claim does not extend to federal agencies such as the BOP; (2) the Court should dismiss

---

[2] The facts provided by Brown were prompted with the question: "State the facts on which you base your allegation that your constitutional rights have been violated." <u>See</u> Complaint, docket entry no. 26-2. Brown states that the violation of his rights occurred on May 12, 2010.

2

Brown's FTCA claim because he failed to allege that he exhausted his administrative remedies prior to suit; and (3) Dr. Chambers is entitled to absolute immunity to Brown's Bivens action. R & R at 2, docket entry no. 32.

**II. Findings of the Magistrate Judge**

With respect to the first argument, the magistrate judge agreed with the Defendants that Brown cannot maintain a Bivens action against the BOP. Id. at 3. As to the issue of whether Brown timely exhausted his remedies under the FTCA, the Court found that the issue was "close" but ultimately concluded, sua sponte, that a determination on this issue was unnecessary because the Court lacked subject matter jurisdiction over a FTCA claim against the BOP and Dr. Chambers. Id. at 4. Finally, the Court agreed that Dr. Chambers is entitled to absolute immunity with respect to Brown's Bivens claim. Id. at 5. Based on these findings, the magistrate judge recommended that the lawsuit against both the BOP and Dr. Chambers be dismissed.

**III. Discussion**

*A. Whether Brown can maintain a Bivens claim against the BOP or Dr. Chambers*

The Court agrees with the magistrate judge that Brown cannot bring a Bivens action against the BOP. FDIC v. Meyer, 510 U.S. 471, 486 (1994). Further, the Court concurs with the magistrate judge's conclusion that 42 U.S.C. § 233(a) precludes a Bivens action against Dr. Chambers, who was acting in the scope of his

3

employment. See Aff. of Chambers, docket entry no. 27-2; Hui v. Castenda,-- U.S. --, -- ,130 S. Ct. 1845, 1854 (2010) ("[42 U.S.C. § 233] precludes Bivens actions against individual PHS officers or employees for harms arising out of conduct described in that section"). Inasmuch as the magistrate judge recommended that the Court dismiss Brown's Bivens claims against the BOP and Dr. Chambers, the Court adopts the recommendation without further discussion.

*B. Whether the Court has subject matter jurisdiction over a claim against the BOP or Dr. Chambers*

As a preliminary matter, the Court agrees that, to the extent that Brown has alleged a violation of the FTCA, the Court lacks subject matter jurisdiction over the BOP and Dr. Chambers. "In view of [the FTCA's] statutory language, the courts have consistently held that an agency or government employee cannot be sued *eo nomine* under the Federal Tort Claims Act." Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988) (citing Hughes v. United States, 701 F.2d 56, 58 (7th Cir. 1982)). "Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." Id. (citing Gregory v. Mitchell, 634 F.2d 199, 204-05 (5th Cir. 1981); Carr v. Veterans Admin., 522 F.2d 1355, 1356 (5th Cir. 1975)).

The Court, however, finds that it would be premature to dismiss Brown's Complaint because his suit is proper against the

United States.[3] As stated earlier, the Defendants characterized Brown's allegations in his Complaint as arising under Bivens, but construed liberally, stated that the allegations could give rise to an FTCA claim against Dr. Chambers. Thus, the Government argued (on behalf of Dr. Chambers) that, to the extent that Brown alleges a valid FTCA claim, the "Westfall Act specifically contemplates that failure to comply with the FTCA's administrative claim requirement mandates dismissal." Defs.' Memo. at 3-4 (citing 28 U.S.C. § 2679(d)(5)). See id. But because the Court does not have subject matter jurisdiction under the FTCA over federal employees acting in the scope of their employment and thus does not have jurisdiction over Dr. Chambers, this argument is misplaced unless the Government considers itself to be a party to the lawsuit.[4]

---

[3] The Court notes for the record that, although Brown only named the BOP and Dr. Chambers as Defendants, the record indicates that he served the United States Attorney General and the United States Attorney's Office for the Middle District of Alabama.

[4] Under the Westfall Act, the United States is required to substitute itself as a party for any federal employees sued for actions committed within of the scope of employment. Specifically, the Westfall Act provides: "The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury." See 28 U.S.C. § 2679(c). The statute continues:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as

Moreover, despite of the Government's references to the Westfall Act, its reliance on 28 U.S.C. § 2679 is inapposite. It is 42 U.S.C. § 233, not 28 U.S.C. § 2679, that governs the activities of PHS officials acting in their official capacity. That statute expressly provides:

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, *shall be exclusive of any other civil action or proceeding* by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a) (emphasis added); see generally Hui, 130 S. Ct. at 1848. This statute, similar to the Westfall Act, requires that "[t]he Attorney General shall defend any civil action or proceeding brought in any court against any person referred to in subsection (a) of this section (or his estate) for any such damage or injury." 42 U.S.C. § 233(b). It was based upon this statute that this Court

---

the party defendant.

Id. at § (d)(1). There is no indication in the record whether the Government has issued a scope certificate to Dr. Chambers, but by mentioning the Westfall Act and raising the FTCA's exhaustion requirement as a defense to Brown's suit, the Government appears to be acting as a substitute for Dr. Chambers. Id.

6

concluded that Dr. Chambers is immune to Brown's <u>Bivens</u> claim.[5] <u>See</u> Aff. of Chambers, docket entry no. 27-2. It follows, then, that if the Government relied on this statute to defend against Brown's <u>Bivens</u> claim against Dr. Chambers, it must now be required to be substituted for Dr. Chambers to defend against Brown's state law claim, which, per the plain language of the statute, must arise under the FTCA. <u>See</u> 28 U.S.C. § 1346; 28 U.S.C. § 2672. Accordingly, the Court will address the issue of exhaustion and proceed as if the United States has or intends to substitute itself for Dr. Chambers if its exhaustion argument fails.[6]

The Government argues that Brown's complaint should be dismissed for failure to allege that he has exhausted his administrative remedies under the FTCA and therefore his complaint should be dismissed. The Court is mindful that "[g]enerally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." <u>Bazrowx v. Scott</u>, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). The Court should dismiss only after it determines that the plaintiff cannot state a viable claim by

---

[5] The Westfall Act has no <u>Bivens</u> exception. <u>See</u> 28 U.S.C. § 2679(b)(2)(A); <u>Hui</u>, 120 S. Ct. at 1853.

[6] The statute does not lay out a procedure for how the United States is to substitute itself for a PHS official under 42 U.S.C. § 233. <u>See</u> <u>Hui</u>, 130 S. Ct. at 1854. In its brief, the Government recognized the applicability of § 233 but for some reason stopped short of substituting itself for Dr. Chambers.

amending the complaint. Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); Humphries v. County of Dekalb, 165 F.3d 24, at *2 (5th Cir. Dec. 3, 1998) (unpublished).

Further, as the magistrage judge stated in his R & R, the Court of Appeals for the Fifth Circuit has held that when a pro se plaintiff makes a "substantial effort to obtain an administrative remedy . . . . [he] should be given the opportunity to amend his complaint to allege and prove that he had exhausted his administrative remedies." Shah v. Quinlan, 901 F.2d 1241, 1244 (5th Cir. 1990) (quoting Holloway v. Gunnell, 685 F.2d 150, 154 (5th Cir. 1982); citing Miller v. Stanmore, 636 F.2d 986, 991 (5th Cir. 1981; Cline v. Herman, 601 F.2d 374, 375-76 & 376 n.1 (8th Cir. 1979)). Granting Brown leave to amend is particularly critical in this case where the FTCA's sixth-month statute of limitations has likely run and would bar the action if Brown refiled and the Attorney General then determined to substitute the United States as a party. See Norman v. United States, 467 F.3d 773, 776 (D.C. Cir. 2006); Bazrowx, 136 F.3d at 1054.

There is evidence before the Court that Brown was in the process of exhausting his administrative remedies when he was released by the BOP. Specifically, Brown produced documentation that he filed an administrative claim with the Administrative Remedy Coordinator's Central Office and maintains that he was awaiting a response from that Office upon his release. See docket

8

entry no. 26. The record demonstrates that Brown has made a "substantial effort to obtain an administrative remedy," and therefore the Court will allow him thirty (30) days to amend his complaint to allege that he has complied with 28 U.S.C. § 2675. Brown's claims against the BOP, however, are dismissed with prejudice.

**IT IS THEREFORE, HEREBY ORDERED** that Magistrate Judge Walker's Report and Recommendation [**docket entry no. 32**] is **ADOPTED** in part.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment [**docket entry no. 27**] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff has **thirty (30) days** to amend his Complaint [docket entry no. 26] to allege that he has complied with 28 U.S.C. § 2675 or the Complaint will be dismissed with prejudice.

So **ORDERED,** this the 28th day of March, 2012.

/s/ David Bramlette

**UNITED STATES DISTRICT JUDGE**