UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DARRYL LAMONT BROWN                                                              PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 5:11CV63-DCB-RHW

UNITED STATES OF AMERICA                                                         DEFENDANT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

This matter is before the Court on the United States of America's [40] Motion to Dismiss. Plaintiff Darryl Lamont Brown, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), alleging violations of his rights under the Eighth Amendment to be free from cruel and unusual punishment. Brown initially filed his complaint against the Federal Bureau of Prisons (BOP) and Dr. Anthony Chambers. Brown alleged that these Defendants were deliberately indifferent to his medical needs because they failed to provide him with adequate medical care for a shoulder injury suffered while in custody of the BOP at the Federal Correctional Complex (FCC) in Yazoo City, Mississippi. Dr. Chambers was the Clinical Director at the FCC for the relevant time frame.

In an [35] Order dated March 29, 2012, the Court granted in part and denied in part the Defendants motion to dismiss or, in the alternative, for summary judgment. In that Order, the Court dismissed Plaintiff's *Bivens* claims against the BOP and Dr. Chambers. The Court also determined that it lacked subject matter jurisdiction over any claims under the Federal Tort Claims Act as they pertain to the BOP and Dr. Chambers. However, the Court indicated that it would be premature to dismiss Brown's complaint because his lawsuit is proper against the United States under the Federal Tort Claims Act. Accordingly, the Court allowed Plaintiff 30

days to amend his complaint to allege that he has complied with the exhaustion requirements of 28 U.S.C. § 2675.

Plaintiff filed a [36] Response to the Court's [35] Order, in which he asked "that the Attorney General or any other valid person or persons, be substituted as Defendant". He also supplied documents which he argues demonstrate that he exhausted his administrative remedies pursuant to 28 U.S.C. § 2675. Defendants then filed a [38] Motion to Substitute, in which they requested that the United States be substituted as the Defendant. The Court granted this motion as unopposed. The United States also filed the instant [40] Motion to Dismiss, in which it argues that Plaintiff has failed to exhaust his administrative remedies for purposes of the FTCA.

Both the United States and the Plaintiff have presented evidence in support of their respective positions. Specifically, Defendant offers the affidavit of Lynneth Leslie, a legal instruments examiner with the BOP. In her affidavit, Leslie states that she is responsible for logging all administrative tort claims received by the BOP's Southeast Regional Office. She indicates that there is no record of Plaintiff filing an administrative tort claim with the BOP. Attached to his [36] Response to the Court's [35] of March 29, 2012, Brown submitted documentary proof of prison grievances he submitted seeking medical treatment for his injured shoulder.

## **LAW AND ANALYSIS**

As a jurisdictional prerequisite to bringing a lawsuit under the FTCA, a plaintiff is required to first present his claim to the appropriate federal agency. 28 U.S.C. § 2675(a); *Frantz v. United States*, 29 F.3d 222, 224 (5th Cir. 1994). The FTCA's exhaustion requirement is satisfied if the claimant (1) gives the agency written notice of his or her claim sufficient to enable

2

the agency to investigate, and (2) places a value on his or her claim. *Id.* The administrative claim must provide sufficient facts to enable the government to investigate its potential liability and to conduct settlement negotiations. *Id.* The administrative process which a claimant must exhaust under the FTCA is spelled out at 28 C.F.R. §§ 14.1-14.11. Section 14.2(a) provides that "a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to ahve occurred by reason of the incident." *See Conn v. United States*, 867 F.2d 916, 918-19 (6th Cir. 1989). Litigants must strictly comply with the requirements of the FTCA before this Court obtains jurisdiction to consider such claim. *See United States v. Kubrick*, 444 U.S. 111, 117-18 (1979); *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999). The party asserting jurisdiction bears the burden of proof on a 12(b)(1) motion to dismiss. *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).

Although Brown filed inmate grievances through the BOP's administrative remedy program requesting medical treatment for his injured shoulder, there is nothing in the record demonstrating that he filed an administrative tort claim with the BOP. To the contrary, Defendant has affirmatively demonstrated that there is no administrative tort claim on file with the BOP with respect to Brown's claim of inadequate medical care. Brown's grievances through the prison's administrative remedy program are not the functional equivalent of an administrative tort claim submitted on Standard Form 95. *See Murrey v. United States*, 73 F.3d 1448, 1452 (7th Cir. 1996)(holding that to pass muster a claim must contain the information required by Standard Form 95); *Lambert v. United States*, 198 Fed. App'x 835, 2006 WL 2468533 (11th Cir.

2006)("exhaustion procedures under the FTCA and the PLRA were separate and distinct"); *Smith v. United States Dep't of Justice*, 2012 WL 5590831, at *2 (N.D. Fla. 2012)(finding inmate grievances sufficient to exhaust *Bivens* action, but not FTCA claim); *McDaniels v. Richland County Public Defenders Office*, 2012 WL 1565618, at *5 (D.S.C. 2012)(holding BOP prison grievances not sufficient to satisfy FTCA exhaustion requirements); *Marks v. United States*, 2007 WL 3087157 (W.D. Wash. 2007)("[t]he filing of a grievance at an institution is not the same as making an official tort claim demand, addressed to the proper agency."). Even if the Court were to construe Brown's prison grievances as somehow the equivalent of an administrative tort claim, the documents he presented are facially inadequate because he did not place a value on his claim. *See Frantz*, 29 F.3d at 224; *Blain v. IRS*, 304 F.3d 861, 865 (9th Cir. 2002)(holding that an administrative claim must state a "sum certain" to satisfy FTCA's jurisdictional requirement); *Johnson*, 189 F.3d at 190. Based on the foregoing, the undersigned finds that Brown has failed to exhaust administrative remedies under the FTCA. Accordingly, the undersigned concludes that this Court lacks subject matter jurisdiction over the matter.

## RECOMMENDATION

The undersigned recommends that Defendant's [40] to Dismiss be GRANTED and that Plaintiff's lawsuit be dismissed for lack of subject matter jurisdiction.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made;

4

the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 19th day of December, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE