**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**DARRYL LAMONT BROWN**                                                **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 5:11CV63-DCB-RHW**

**FEDERAL BUREAU OF PRISONS et al**                     **DEFENDANTS**

<u>**ORDER**</u>

This cause is before the Court on Defendant's Motion to Dismiss [**docket no. 40**] and Magistrate Judge Walker's Report and Recommendation [**docket no. 45**]. Having carefully considered the Motion, Report and Recommendation, the Plaintiff's objections thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court adopts the Report and Recommendation in full and grants Defendant's Motion.

**Procedural History**

On March 29, 2012, this Court found that the Plaintiff's claims could be liberally construed as a FTCA claim against the United States. <u>See</u> Order, docket no. 35. The Court provided Brown thirty (30) days to amend his complaint and allege that he has exhausted his administrative remedies. <u>See</u> <u>id.</u> The Plaintiff responded that he had in fact exhausted his administrative remedies and provided what he believed to be evidence to support his claim.[1]

---

[1] In his response, which the Court can construe liberally as an Amended Complaint, the Petitioner still maintains that his constitutional rights were violated. As stated in the previous Order, the Petitioner cannot maintain a <u>Bivens</u> claim against Dr. Chambers or the BOP.

See Response to Order, docket no. 36. On May 10, 2012, the United States moved to substitute itself as a party for Dr. Chambers and the Bureau of Prisons and then moved to dismiss the Plaintiff's Amended Complaint for his failure to exhaust his administrative remedies.

**Plaintiff's Objections to the Report and Recommendation**

Magistrate Judge Walker, having considered the United States's argument and the evidence provided by the Plaintiff, concluded that the Plaintiff had not filed an administrative tort claim with the BOP and recommended that his claim be dismissed for lack of jurisdiction. But, in his objections, the Plaintiff produced new evidence—a completed Standard Form 95—which suggests that he may have filed an administrative claim before he filed his Complaint. See Objection, docket no. 47-1. In rebuttal, the United States questions the Plaintiff's story and urges the Court to ignore the Plaintiff's SF95 form because there is no proof that it was mailed.

**Analysis**

As an initial matter, the Court agrees with the conclusion of the Report and Recommendation. The only issue is whether the Plaintiff's assertion that he mailed the SF95 form to the appropriate agency is credible. After carefully considering the matter, the Court agrees with the Government that there is nothing about the document produced by the Plaintiff that suggests that it was provided to the BOP. See Objection, docket no. 47-1. First, the

2

BOP never received it. See Lynneth Leslie's Decl. Ex. 1, docket no. 40-1. Second, there is no proof that the form was mailed, e.g., certified mail receipt. Third, the date on the form and the timing of the form's appearance in the record is suspicious. The form is dated only two days before the Plaintiff filed his Amended Complaint, and the form appeared only after the Government and Report and Recommendation stated that proof that the SF95 form had been submitted to the BOP (or a document containing similar information) was necessary to show exhaustion. For these reasons, the Court finds that the Plaintiff's assertion that he mailed the SF95 to the BOP is not credible.

Moreover, the Court notes that even if the form had been mailed on the date the Plaintiff alleges, it still does not prove that he exhausted his administrative remedies *before* filing suit. See McNeil v. United States, 508 U.S. 106, 112 (1993); Houston v. U.S.P.S., 823 F.2d 896, 903 (5th Cir. 1987). Exhaustion requires either a denial of the claim in writing from the agency to which it was submitted, *or* the passing of six months from the time the claim was filed with the appropriate agency. See 28 U.S.C. § 2675(a). The Plaintiff filed suit five days after he allegedly submitted the SF95 Form. Even if the form was sent but somehow mishandled by BOP, the Plaintiff was required by statute to wait six months before filing suit in order to exhaust his administrative remedies. Because the Plaintiff failed to exhaust his administrative

3

remedies, this Court lacks the jurisdiction to entertain the Plaintiff's claim. United States v. Kubrick, 444 U.S. 111, 117-18 (1979).[2]

Accordingly,

**IT IS HEREBY ORDERED THAT** the Report and Recommendation [**docket no. 45**] is **ADOPTED IN FULL. IT IS FURTHER HEREBY ORDERED THAT** the United States's Motion to Dismiss [**docket no. 40**] is **GRANTED**. A separate final judgment dismissing the Plaintiff's claim without prejudice will be entered forthwith.

So **ORDERED**, this the 4th day of March, 2013.

                                            /s/ David Bramlette
                                   **UNITED STATES DISTRICT COURT**

---

[2] The Court will dismiss the Plaintiff's claims without prejudice, although it acknowledges that the Plaintiff's FTCA claim may be time-barred. It is for this reason that the Court has carefully considered whether the Plaintiff has an available remedy under Bivens or the FTCA against Dr. Chambers, the BOP, or the United States.